UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MADISON ROBERT SPANN,

             Plaintiff,

       -against-

WESTCHESTER COUNTY VALHALLA
JAIL,

             Defendant.

25-CV-4739 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is currently detained at the Westchester County Jail (WCJ), brings this action *pro se.* Plaintiff describes his claim as a "slip and fall" arising in 2021 or 2022, at WCJ. By order dated July 9, 2025, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis.*[1]

### STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are from Plaintiff's complaint. Plaintiff alleges that in 2021 or 2022, while he was detained on a petty larceny charge at the new WCJ building in Valhalla, Westchester County, he exited his cell and and slipped in a pool (or pail) of water.[2] Plaintiff states that he "does not know how the water got there and there was not [any] leak in [his] cell." (ECF 1 at 4.) Plaintiff went to the hospital after the slip and fall and then called his family members.

Plaintiff alleges that he had pre-existing injuries from an earlier fall from a second story window and that the slip and fall at WCJ aggravated those inuries. Plaintiff names WCJ as the sole defendant, and he seeks damages.

## DISCUSSION

**A.    Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has

---

[2] Plaintiff states that he slipped on a "pall of water," and it is unclear if he means a pool or pail of water. (ECF 1 at 8.)

jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### 1.    Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Plaintiff does not invoke the Court's federal question jurisdiction, and the facts alleged regarding his slip and fall suggest at most a claim of negligence arising under state law.[3] Because Plaintiff does not bring a

---

[3] Courts in this Circuit have repeatedly held that wet floors are not conditions that satisfy the objective prong of a claim, under 42 U.S.C. § 1983, for unconstitutional conditions of confinement. *See, e.g.*, *Martin v. City of New York*, No. 11-CV-600 (PKC), 2012 WL 1392648, at *9 (S.D.N.Y. Apr. 20, 2012) ("[B]odily injuries sustained from a slip-and-fall on a wet floor simply do not rise to the level of a constitutional violation."); *Covington v. Westchester Cnty. Dep't of Corr.*, No. 06-CV-5369 (WHP), 2010 WL 572125, at *8 (S.D.N.Y. Jan. 25, 2010) (Plaintiff's "claim that a wet floor caused him to slip and fall does not rise to the level of intolerable prison conditions"); *Jennings v. Horn*, No. 05-CV-9435 (SAS), 2007 WL 2265574, at

claim arising under federal law, he does not show that the Court has federal question jurisdiction of this matter.

### 2.    Diversity Jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006). Plaintiff indicates in the complaint that he resides in New York, and the sole defendant is Westchester County Jail, which is not diverse. Because there is no diversity of citizenship, Plaintiff cannot invoke the Court's diversity jurisdiction.

Accordingly, the federal court lacks subject matter jurisdiction of Plaintiff's slip-and-fall claim, which arises under state law. The Court therefore dismisses this action, without prejudice to Plaintiff's pursuing his claims in a state court of general jurisdiction.

### B.    Leave to Amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

---

*5 (S.D.N.Y. Aug. 7, 2007) ("[S]lippery prison floors, at best, pose a claim of negligence, which is not actionable under the United States Constitution."); *Davis v. Reilly*, 324 F. Supp. 2d 361, 368 (E.D.N.Y. 2004) (correctional facility's failure to provide shower mats on slippery floor did not rise to the level of a constitutional violation).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed

without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Clerk of Court is directed to enter judgment in this matter.

Dated:    March 5, 2026
          New York, New York

                              _____
                                    Louis L. Stanton
                                    U.S.D.J.

5